**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RANDOLPH QUINTAL** <br> 133 Wayne Avenue <br> Norristown, PA 19401 <br><br> *Plaintiff*, <br><br><br> v. <br> **PENNSYLVANIA STATE POLICE** <br> 1800 Elmerton Ave., <br> Harrisburg, PA 17110 <br><br> *And* <br><br> **CHRISTOPHER ABBOTT** <br> 2201 Belmont Ave., <br> Philadelphia, PA 19131 <br><br> *And* <br><br> **JARRED BURNETT** <br> 2201 Belmont Ave., <br> Philadelphia, PA 19131 <br><br> *And* <br><br> **CHRISTOPHER ADAMS** <br> 1941 N. 69th Ave., <br> Philadelphia, PA 19138 <br><br> *And* <br><br> **KRISTEN PHILLIPS** <br> 311 N. Franklin St., Apt. 1 <br> Pottstown, PA 19464 <br><br> *Defendants*. | CIVIL ACTION <br><br> NO.: <br><br> **JURY TRIAL DEMANDED** |

## <u>PLAINTIFF'S COMPLAINT</u>

Now Comes Randolph Quintal complaint of Defendants, Pennsylvania State Police, Christopher Abbott, Jared Burnett, Christopher Adams, and Kristin Phillips and for cause would show the Honorable Court as follows:

## <u>PARTIES</u>

1.      Plaintiff, Randolph Quintal ("Mr. Quintal"), is an adult individual residing at 133 Wayne Avenue, Norristown, PA, 19401.

2.      Defendant, Pennsylvania State Police ("PSP"), is an agency of the Commonwealth of Pennsylvania ("the Commonwealth"), organized and existing under the laws of the Commonwealth, charged with enforcement of the Commonwealth's criminal and traffic laws, with its principal place of business located at 1800 Elmerton Avenue, Harrisburg, PA 17110.

3.      At all times material hereto, PSP purposefully established significant contacts in Pennsylvania, carried out, and continues to carry out, substantial, continuous, and systematic activities in Pennsylvania, and regularly conducts business in the City and County of Philadelphia at Troop K located at 2201 Belmont Avenue, Philadelphia, PA 19131.

4.      Defendant, Christopher Abbott ("Defendant Abbott"), is an adult individual working at 2201 Belmont Ave., Philadelphia, PA 19131.

5.      Defendant Abbott is an employee and State Trooper of Defendant PSP, and Defendant Abbott is sued in his individual capacity.

6.      Defendant, Jarred Burnett ("Defendant Burnett"), is an adult individual working at 2201 Belmont Ave., Philadelphia, PA 19131.

7.      Defendant Christopher Adams ("Defendant Adams") is an adult individual residing at 1941 69th Ave, Philadelphia, PA 19138.

8.     Defendant Kristen Phillips ("Defendant Phillips") is an adult individual residing at 311 N. Franklin St., Apt. 1, Pottstown, PA 19464.

9.     Upon information and belief, Defendant Phillips rented/leased a 2021 Chevrolet Malibu.

10.    Upon information and belief, Defendant Phillips permitted Defendant Adams' use of the Chevrolet Malibu.

11.    Defendant Burnett is an employee and State Trooper of Defendant PSP, and Defendant Burnett is sued in his individual capacity.

12.    Upon information and belief, Defendant Abbott was the driver of the PSP vehicle while Defendant Burnett was the passenger.

13.    At all times material hereto, Defendants Abbott and Burnett (collectively, the "Troopers") were acting in their own individual capacities in the scope and course of their employment as State Troopers for the PSP.

14.    At all times material hereto, Defendant PSP was acting by and through its agent and/or employees, Defendants Burnett and Abbott, who were acting within the scope of their agency and/or employment for Defendant PSP.

15.    Jurisdiction and Venue are proper in the Court of Common Pleas of Montgomery County as State law intentional and negligence torts and otherwise violative conduct occurred in Montgomery County.

16.    On March 6, 2023, Mr. Quintal suffered catastrophic injuries as a result of negligent, reckless, and deliberate conduct by a Trooper of the PSP in violation of the United States Constitution secured pursuant to 42 U.S.C. §§ 1983 and 1988. His permanent and debilitating injuries are another example of the PSP and its policy makers' failure to properly train, supervise,

screen, discipline, transfer, or otherwise control its troopers.

17.     Mr. Quintal's unnecessary and avoidable injuries were caused by the PSP's failure to enact, implement, and train on proper procedures for operation of its vehicles and/or its improper pattern and practice of dangerously and improperly responding to incidents.

## JURISDICTION AND VENUE

18.     Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. § 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourteenth Amendment rights of the Plaintiff' Randolph Quintal. Plaintiff further invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

19.     Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

20.     On the early morning hours of March 6, 2023, at around 1:42 am, Mr. Quintal was lawfully driving towards a Sunoco gas station in Norristown, PA.

21.     Approximately twenty minutes earlier, at around 1:23 am, Troopers Abbott and Burnett were on a routine patrol in Pottstown, PA when they attempted to conduct a traffic stop of Defendant Christopher Adams.

22.     Defendant Adams was driving a dark-colored Chevrolet sedan and was allegedly observed making an illegal turn by the Troopers.  The Chevrolet sedan driven by Defendant Adams was owned by Defendant Kristen Phillips and Defendant Phillips permitted Defendant Adams' use of the vehicle.

23.     Ultimately, the Troopers engaged in an almost 20-minute, high-speed and dangerous car chase with Defendant Adams that spanned multiple boroughs, beginning in Pottstown and ending in Norristown.

24.     In fact, the Troopers allege they observed Defendant Adams drive in a careless and reckless manner including his failure to abide by traffic signals, driving on the wrong/opposite lane of travel on a roadway in traffic, driving at excessively high speeds, and driving with his headlights and taillights off, all the while the Troopers continued to pursue him at high speeds.

25.     Despite the fact that the speed limit on West Wood Street was 25mph, Defendants Adams, Burnett and Abbott were driving excessively fast, reaching speeds that far exceeded the posted speed limit before the crash.

26.     At around 1:42 am, Mr. Quintal was driving north on Markley Street and was entering the intersection of Markley and West Wood Streets when Defendants Adams, traveling East on West Wood Street and while fleeing from the Troopers, ignored a stop sign controlling the intersection and violently slammed into Mr. Quintal's vehicle.

27.     Mr. Quintal's vehicle was also struck by the Troopers' patrol vehicle.

28.     The impact of the accident caused Mr. Quintal's vehicle to uncontrollably spin around, only stopping because a curb halted the car's momentum.

29.     Defendants Abbott and Burnett were acting under the color of state law when they engaged in a high-speed and dangerous pursuit of Defendant Adams and crashed into Mr. Quintal's vehicle.

30.     No reasonably competent official could conclude that the actions of Defendants Abbott and Burnett described herein did not violate Mr. Quintal's constitutional rights.

31.     No reasonably prudent police officer/state trooper, under similar circumstances, could have believed that Defendants Abbott's and Burnett's conduct was justified or reasonable.

32.     Given the length of the chase, the speed of the chase, the dangerous manner in which the respective cars were driven, and the hyper-aggressive decisions of the Troopers to chase Defendant Adams, the harm caused by the Defendants was foreseeable with respect to Mr. Quintal and conscience shocking.

33.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP and Defendants Adams, Phillips, Abbott, and Burnett, Mr. Quintal suffered devastating, severe, and permanently disabling injuries, including but not limited to a closed right ankle fracture, sternal fracture, closed fracture of the distal and the left fibula, and displacement of trans pedicular screws in his mid and lower back along with a fracture of the left conceptual rod in his lower back.

34.     As a direct result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct of the PSP and Defendants Adams, Phillips, Abbott, and Burnett, Mr. Quintal required, and will continue to require, surgeries, medicines, medical care and treatment, and was caused to incur, and will continue to be caused to incur, medical expenses for care and treatment.

35.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing of the PSP and Defendants Adams, Phillips, Abbott, and Burnett, Mr. Quintal suffered, and will continue to suffer, agonizing aches, pain, distress, anxiety, and mental anguish.

36.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP and Defendants Adams, Phillips,

Abbott, and Burnett, Mr. Quintal has sustained a loss of the enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future.

37.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP and Defendants Adams, Phillips, Abbott, and Burnett, Mr. Quintal has been prevented, and will be prevented in the future, from performing his usual duties, activities, occupations, and avocations, and has suffered a loss of earnings and a loss of earning capacity.

38.     Mr. Quintal's injuries were the direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or any other liability-producing conduct of the PSP and Defendants Adams, Phillips, Abbott, and Burnett, and in no way were contributed to by Mr. Quintal.

39.     PSP and Defendants Adams, Phillips, Abbott, and Burnett, are jointly and severally liable for Mr. Quintal's injuries and damages.

## COUNT I – NEGLIGENCE
## PLAINTIFF RANDOLPH QUINTAL v. CHRISTOPHER ADAMS

40.     All preceding paragraphs are incorporated as though fully set forth at length herein.

41.     Defendant Adams was jointly and severally careless, negligent and/or reckless in the following respects:

    a.   driving at unsafe speeds;

    b.   driving with headlights and taillights off;

    c.   driving on the wrong/opposite side of the roadway;

    d.   failing to observe traffic controls;

    e.   failing to observe proper speed controls;

    f.   failing to follow traffic signals;

g.  driving in a dangerous and reckless manner; and

h.  driving without a license

42.  By reason of Defendant Adams' carelessness, negligence, gross negligence and reckless conduct, Mr. Quintal sustained serious and permanent disabling personal injuries, including those set forth above.

43.  By conducting itself as set forth above, Defendant Adams' acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Mr. Quintal.

44.  WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT II – NEGLIGENCE
### PLAINTIFF RANDOLPH QUINTAL v. KRISTEN PHILLIPS

45.  All preceding paragraphs are incorporated as though fully set forth at length herein.

46.  Defendant Phillips was jointly and severally careless, negligent and/or reckless in the following respects:

a.  permitting Defendant Adams' use of said vehicle in a negligent manner;

b.  permitting Defendant Adams' use of said vehicle knowing that he was unfit to drive and did not have a valid driver's license;

c.  negligently entrusting Defendant Adams with use of said vehicle;

d.  failing to investigate the qualifications of Defendant Adams before permitting him the use of said vehicle;

e.  ignoring evidence of Defendant Adams' incompetence and/or recklessness as a driver and still entrusting him with said vehicle;

f.  violating Section 1574 of the Pennsylvania Motor Vehicle Code, and at all times relevant, permitting Defendant Adams use of said vehicle.

47. By reason of Defendant Phillips' carelessness, negligence, gross negligence and reckless conduct, Mr. Quintal sustained serious and permanent disabling personal injuries, including those set forth above.

48. By conducting itself as set forth above, Defendant Phillips' acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Mr. Quintal.

49. WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT III – NEGLIGENCE
## PLAINTIFF RANDOLPH QUINTAL v. PENNSYLVANIA STATE POLICE

50. All preceding paragraphs are incorporated as though fully set forth at length herein.

51. The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8522(b)(1).

52. Defendant, PSP itself and through its agent and/or employees, Defendants Abbott and Burnett, were jointly and severally careless, negligent and/or reckless in the following respects:

        a. failure to exercise reasonable care and caution under the circumstances at issue;

        b. negligent operation of its motor vehicle;

        c. reckless operation of its motor vehicle;

        d. failure to follow traffic laws;

        e. unsafe operation of its motor vehicle;

f.  excessive speeding while operating its motor vehicle;

g.  failure to have proper policies and procedures in place to address emergency and non-emergency responses by State Police Troopers;

h.  failure to train and supervise Defendants Abbott and Burnett regarding motor vehicle operation when responding to non-emergency incidents;

i.  failure to train and supervise Defendants Abbott and Burnett regarding motor vehicle operation when responding to emergency incidents;

j.  failure to properly code the priority of the call for a vehicles in the roadway;

k.  failure to train troopers on the duty to intervene;

l.  failure to implement, train, and supervise troopers on the duty to terminate a vehicle pursuit;

m.  failure to exercise reasonable care and caution in the operation of the PSP vehicle in PSP's care, custody, and control;

n.  failure to have proper policies and procedures in place to address the operation of the PSP vehicle in PSP's care, custody, and control;

o.  failure to train and supervise Defendants Abbott and Burnett with respect to the operation of the PSP vehicle in PSP's care, custody, and control;

p.  Failing to maintain the PSP vehicle in proper mechanical condition that would have allowed it to stop or avoid the impact;

q.  failure to exercise reasonable care and caution in the operation of the PSP vehicle in Defendant Abbott's and Burnett's care, custody, and control as employees of PSP;

r.  failure to have PSP vehicle under proper and adequate control as to not endanger the general public including Mr. Quintal;

s.  failure to operate the PSP vehicle in accordance with the laws and regulations of the Commonwealth, including obeying speed limits and driving on the correct side of the road;

t.  failure to have proper policies and procedures in place to address vehicle operation in accordance with the laws and regulations of the Commonwealth in reasonable and safe manner, including not allowing troopers to drive at excessive speeds on the wrong side of the road;

u.   failure to train and supervise Defendants Abbott and Burnett with respect to those policies regarding vehicle operation in accordance with the laws and regulations of the Commonwealth, including driving at excessive speeds on the wrong side of the road;

v.   Permitting an inadequately trained and inexperienced Trooper to engage in a high-speed incident response;

w.   Failing to properly instruct its supervisor officers in the appropriate method of overseeing motor vehicle responses; and

x.   otherwise failing to regard the rights, safety, and property of Mr. Quintal including, but not limited to, the appropriate and supporting sections of the Constitution, the Commonwealth of Pennsylvania Motor Vehicle Code; and the policies and procedures the PSP had or should have had in effect at the time of this collision.

53.    By reason of Defendant PSP's carelessness, negligence, gross negligence and reckless conduct, Mr. Quintal sustained serious and permanent disabling personal injuries, including those set forth above.

54.    By conducting itself as set forth above, Defendant's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Mr. Quintal.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT IV – NEGLIGENCE
### PLAINTIFF RANDOLPH QUINTAL v. CHRISTOPHER ABBOTT AND JARRED BURNETT

55.    All preceding paragraphs are incorporated as though fully set forth at length herein.

56. The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8522(b)(1).

57. Defendants Abbott and Burnett were jointly and severally careless, negligent and/or reckless in the following respects:

a. Operating the vehicle at an excessive rate of speed under the circumstances;

b. Failing to maintain a safe speed for the traffic and road conditions then and there existing;

c. Traveling at an unsafe speed for the traffic and vehicular conditions then and there existing;

d. Failing to watch or look where the vehicle was traveling;

e. Failing to watch the road in front of the vehicle;

f. Failing to observe traffic and vehicular conditions then and there existing;

g. Failing to maintain a proper and safe lookout for traffic and road conditions then there existing;

h. Failing to have the vehicle under proper control;

i. Failing to maintain proper and safe control of the motor vehicle;

j. Failing to safely and properly operate the motor vehicle;

k. Failing to terminate an unsafe and dangerous vehicular pursuit;

l. Failing to intervene and instruct another trooper about the need to terminate an unsafe and dangerous vehicular pursuit;

m. Failing to stop and maintain an assured clear distance;

n. Failing to avoid the accident by applying breaks;

o. Failing to operate the vehicle in the proper lane of travel;

p. Operating the vehicle in such a reckless, careless, and grossly negligent manner so as to cause or allow the vehicle to strike another vehicle;

q.  Failing to avoid the accident by changing the direction of the vehicle;

r.  Operating the vehicle in violation of the Pennsylvania Motor Vehicle Code;

s.  Striking Plaintiff's vehicle; and

t.  Failure to obtain proper training on motor vehicle operation.

58.  By reason of Defendants' Abbott and Burnett's carelessness, negligence, gross negligence and reckless conduct, Mr. Quintal sustained serious and permanent disabling personal injuries, including those set forth above.

59.  By conducting themselves as set forth above, Defendants' acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Mr. Quintal.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT V – STATE CREATED DANGER
### PLAINTIFF RANDOLPH QUINTAL v. CHRISTOPHER ABBOTT AND JARRED BURNETT, INDIVIDUALLY

60.  All preceding paragraphs are incorporated as though fully set forth at length herein.

61.  Defendants Abbott and Burnett, individually, caused a state created danger in the following respects:

a.  First, Mr. Quintal's catastrophic injuries was a foreseeable and direct harm of Defendants Abbott' and Burnett's reckless actions because:

i.  this harm was foreseeable because the Troopers had an awareness of the risk of traveling at excessive speeds late at night through multiple boroughs in pursuit of a suspect driving recklessly and endangering others; and

    ii.    this harm was directly caused by the Troopers' actions because Mr. Quintal's vehicle was struck by both the vehicle driven by Defendant Adams and the Troopers' PSP vehicle with such a force that his vehicle uncontrollably spun around and caused catastrophic injuries to Mr. Quintal.

b.   Second, the Troopers' actions shock the conscious because:

    i.    the Troopers chose to drive at excessive speeds;

    ii.    the Troopers decided to continue the pursuit through multiple boroughs despite observing Defendant Adams driving at excessive speeds, on the wrong side of the roadway, without headlights and taillights, and without stopping for traffic control devices, in deliberate indifference towards the substantial risk of the pursuit ending in a crash into another vehicle and causing serious harm to another;

    iii.    the Troopers failed to terminate the pursuit in deliberate indifference towards the substantial risk of the pursuit ending in a crash into another vehicle and causing serious harm to another; and

    iv.    the Defendant Burnett failed to intervene and instruct Defendant Abbott to terminate the pursuit in deliberate indifference towards the substantial risk of the pursuit ending in a crash into another vehicle and causing serious harm to another;

    v.    the Troopers violated PSP policies regarding incident responses; and

    vi.    the Troopers violated numerous sections of Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

c.   Third, Mr. Quintal was a foreseeable victim because he was a driver on the intersection of the road that the Troopers were driving on at excessive speeds.

d.   Fourth, the Troopers' affirmative act was the but-for cause of Mr. Quintal's injuries because:

    i.    the Troopers made the affirmative decision to drive their PSP vehicle at high-rates of speed;

    ii.    the Troopers' affirmative actions of driving their PSP vehicle through multiple boroughs, for almost 20 minutes, in pursuit of a vehicle being driven recklessly and dangerously, causing Mr. Quintal's vehicle to be violently struck and spun around uncontrollably, and the Troopers' affirmative actions is the but-for cause of Mr. Quintal's injury;

iii. Mr. Quintal's injuries, including but not limited to a closed right ankle fracture, sternal fracture, closed fracture of the distal and the left fibula, and displacement of trans pedicular screws in his mid and lower back along with a fracture of the left conceptual rod in his lower back, limited Mr. Quintal's freedom of action; and

iv. the Troopers' affirmative action was the but-for cause of Mr. Quintal's injuries that limited his freedom of action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, attorney fees, interest and allowable costs of suit and brings this action to recover same.

**COUNT VI – 42 U.S.C. §1983**
**PLAINTIFF RANDOLPH QUINTAL v. DEFENDANTS ABBOTT AND BURNETT IN THEIR INDIVIDUAL CAPACITY**

62. All preceding paragraphs are incorporated as though fully set forth at length herein.

63. The Troopers, individually, were acting under the color of state law while exercising the authority that PSP gave them as employees of the state agency because they were performing their duty as state troopers when they pursued Defendant Adams.

64. The Troopers' actions were wrongful, malicious, and reckless in depriving Randolph Quintal of his constitutional rights.

65. The Troopers failed to act as an objectively reasonable officer would have acted in the same or similar circumstances.

66. The Troopers, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused serious bodily injury.

67.     The Troopers, without legal or necessary justification or the need to do so, used excessive and deadly force by driving at excessive speeds in pursuit of a vehicle driving recklessly and dangerously, without headlights and taillights, sometimes in the wrong lane of travel through multiple boroughs for almost 20 minutes.

68.     While acting under the color of state law, the Troopers deprived Mr. Quintal of his procedural due process rights in violation of the Fourteenth Amendment when they did not use constitutionally adequate procedures to protect him of his right to life and liberty when:

    a.     the Troopers vehicle struck his car with such force, in combination with the vehicle driven by Defendant Adams, that Mr. Quintal's car spun around uncontrollably and caused serious injuries to Mr. Quintal; and

    b.     Mr. Quintal continues to suffer from his catastrophic injuries which prevent him from performing his usual duties, activities, occupations, and avocations.

69.     While acting under the color of state law, the Troopers deprived Mr. Quintal of his substantive due process rights in violation of the Fourteenth Amendment when they engaged in conscious-shocking conduct with deliberate indifference including:

    a.     choosing to drive at excessive speeds;

    b.     deciding to continue the pursuit through multiple boroughs despite observing Defendant Adams driving at excessive speeds, on the wrong side of the roadway, without headlights and taillights, and without stopping for traffic control devices, in deliberate indifference towards the substantial risk of the pursuit ending in a crash into another vehicle and causing serious harm to another;

    c.     failing to terminate the pursuit in deliberate indifference towards the substantial risk of the pursuit ending in a crash into another vehicle and causing serious harm to another; and

    d.     Defendant Burnett failing to intervene and instructing Defendant Abbott to terminate the pursuit in deliberate indifference towards the substantial risk of the pursuit ending in a crash into another vehicle and causing serious harm to another;

e.      violating PSP policies regarding incident responses; and

f.      violating numerous sections of Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

70.     The Troopers violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

71.     The Troopers violated PSP departmental protocols regarding incident responses, the duty to terminate a pursuit, and the duty to intervene.

72.     The Troopers directly participated in the violation of Mr. Quintal's procedural and substantive due process rights, which are protected under the Fourteenth Amendment.

WHEREFORE, Plaintiff demand judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

## COUNT VII – 42 U.S.C §1983 EXCESSIVE FORCE
## PLAINTIFF RANDOLPH QUINTAL v. DEFENDANTS ABBOTT AND BURNETT, INDIVUDALLY AND IN THEIR OFFICIAL CAPACITY

73.     All preceding paragraphs are incorporated as though fully set forth at length herein.

74.     The Troopers actions on the occasion in question were wrongful, malicious and reckless in depriving Mr. Quintal of his constitutional rights.

75.     The Troopers failed to act as an objectively reasonable Trooper would have acted in the same or similar circumstances.

76.     The Troopers, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused catastrophic injuries to Mr. Quintal.

77.     The Troopers, without legal or necessary justification or the need to do so, used excessive and deadly force by operating their vehicle on the public roadway at excessively high-speeds while pursuing a vehicle driving recklessly and dangerously for more than 20-minutes, and through multiple boroughs, when they crashed into Mr. Quintal.

78.     The Troopers denied Mr. Quintal the right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

79.     The force used by the Troopers was objectively unnecessary, excessive and unreasonable under the circumstances, as they pursued a vehicle driving recklessly and dangerously for more than 20-minutes, and through multiple boroughs, when they crashed into Mr. Quintal.

80.     The Troopers embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact did cause Mr. Quintal permanent and debilitating injuries as set forth above.

81.     The Troopers violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, emergency responses by emergency vehicles, the duty to terminate a pursuit, and the duty to intervene.

82.     The Troopers violated PSP departmental protocols regarding incident responses.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT VIII – ASSAULT AND BATTERY
**PLAINTIFF RANDOLPH QUINTAL v. DEFENDANTS ABBOTT AND BURNETT INDIVUDALLY AND IN THEIR OFFICIAL CAPACITY**

83.     All preceding paragraphs are incorporated as though fully set forth at length

herein.

84.     As described in this Complaint, the Troopers, while acting within the course and scope of their duties as a PSP Troopers, without provocation, warrant, necessary, or legal justification, assaulted and battered Mr. Quintal by slamming their PSP vehicle into Mr. Quintal's vehicle, along with Defendant Adams, and causing his vehicle to spin around uncontrollably.

85.     As a result of the Troopers' assault and battery, Mr. Quintal suffered excruciating physical and emotional injuries, loss of life and enjoyment of life, and seeks all available damages under the law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

BY:     */s/ Kevin P. O'Brien*
        KEVIN P. O'BRIEN, ESQUIRE
        BROCK J. ATKINS, ESQUIRE
        Attorneys for Plaintiff